Curia, per
Earle, J.
In the State ex. rel. Jenkins vs. Commissioners of roads, (Supra, p. 109,) it was held, on the construction of the Act of 1836, that the Commissioners have no jurisdiction to impose a fine or issue an execution above $20. The question now presented is, can a person, having paid money to the sheriff, on an execution issued by the Commissioners for $60, recover it back by suit at law. The difficulty which frequently arises, when money is received under void authority by an agent who has paid it over to his principal, does not arise here; for the sheriff has the money in his hands. Nor, in any case, I apprehend, would such a defence avail him, where he had collected money on a void process which he was not bound to obey. There can be no doubt that, in executing such process, the sheriff was a trespasser. It is equally indubitable that the parties against whom it had been issued might, by prohibition, have prevented it from being enforced; and hence it is contended, and was held by his Honor in the court below, that the payment of the money is to be regarded as a voluntary payment, which will not support an action. There is great force in the argument; especially when it is considered that the money was really due and might have been collected in a different form of proceeding ; but our opinion is against it, both on principle and authority. If the money had been raised by a sale of goods under the execution, there can be no doubt that the party might have maintained trespass, as the execution was, in law, a nullity; or he might have waived the trespass and have brought his action for money had and received: (Linden vs. Hooper, Cowp. 419.) And we perceive no difference in principle, between such case and that where the party has paid on the demand of the sheriff, with an execution in his hand which he has threatened to enfoi ce, or might reasonably have been expected to enforce. Cases are numerous, of *114 ■money recovered back, when paid on judgments that are afterwards reversed, or on summary convictions that are afterwards quashed. Such was Feltham vs. Terry, cited by Lord Mansfield in Linden vs. Hooper. And there seems to be the same propriety in allowing money to be recovered back when paid upon a judgment not merely erroneous, but absolutely null and void for want of jurisdiction. In 1 Ld. Raym. 742, the .case was this. Sir Richard Newdigale had a donative, which he gave to the defendant Davy — afterwards he removed Davy and put in I. S. Davy cited Sir R. N. before the High Commissioners in the time of James II, who sentenced him to restore Davy, and to pay him all the arrears that had been received, which were paid accordingly. After the revolution Sir R. N. brought indebitatus assumpsit against Davy for this money, as received to his use. And it was held that the action did well lie, the money being paid in pursuance of a void authority. In Snowden vs. Davis,(1 Taunt. 358,) a bailiff, under colour of a distringas to the sheriff of Berks and a warrant from him, demanded and collected from the plaintiff several sums of money, some of which he had authority to' collect, and some he had not. The plaintiff was allowed to recover back so much as the bailiff had no authority to distrain for; although, in fact, he had paid over the whole to the sheriff, and he to the Exchequer. It is true, the plaintiffs here did not appear before the Commissioners when summoned to answer for the default — and, after the execution issued, they might have restrained the sheriff by prohibition. But whilst they were in pursuit of a Judge to grant the writ, the sheriff might have sold their goods; and they are not to suffer from having acted under the belief that the Commissioners knew the extent of their jurisdiction, and would not issue an execution for an amount beyond it. They may reasonably have supposed, as their default was such as to Incur a penalty above that amount, that the Commissioners would resort to an action .to .collect their assessment. It is *115 said in Levy vs. Roberts, (1 M’C. R. 395,) that a defendant, paying money to the sheriff on an execution, cannot be considered as paying it voluntarily; and so, we think, are all the authorities.
Cam for the motion; Clarke, contra.
As'the Commissioners, however, had authority to issue an execution for $20, and as this action is to recover back what it is alleged they had no authority to collect, we think the plaintiffs should recover only the excess. The non-suit ordered by the Court below is set aside.
The whole Court concurred.